FILED
JUL 22 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERNEST GREELY-BEY, : | |
| Petitioner, : | |
| v. : | Civil Action No. 10 1241 |
| JENNIFER ANDERSON, JUDGE, : | |
| Respondent. : | |

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.

It appears that petitioner recently was sentenced to a term of imprisonment by the Superior Court of the District of Columbia, and that the term actually imposed exceeded the term contemplated by a plea agreement. He brings this habeas action to "correct the sentencing to 12 [to] 36 month[s] jail time incarceration[.]" Pet. at 5 (page number designated by the Court).

A challenge of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110, which permits the filing of a motion in the Superior Court "to vacate, set aside, or correct the sentence" if "(1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23-110(a).

In relevant part, D.C. Code § 23-110 provides:

[An] application for a writ of habeas corpus in behalf of a prisoner

who is authorized to apply for relief by motion pursuant to this section <u>shall not be entertained by . . . any Federal . . . court</u> if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g) (emphasis added). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Accordingly, the Court will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/ Colleen Kollar-Kotelly
United States District Judge

Date: July 10, 2010